**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE**

**CIVIL ACTION NO. 04-440-DLB**

**BETHANY R. THACKER**                                                                                          **PLAINTIFF**


vs.                              **MEMORANDUM OPINION & ORDER**


**JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION**                                                     **DEFENDANT**

******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

### I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following procedural history is adopted from the Sixth Circuit's decision affirming this Court's prior denial of benefits. *See Thacker v. Comm'r of Social Security*, No. 02-6138, 99 Fed.Appx. 661, 662-64 (6th Cir. May 21, 2004) (unpublished opinion). Plaintiff first filed a claim for supplemental security income (SSI) benefits on August 10, 1999. Her claim was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which was held on July 5, 2000. Following the hearing, ALJ Charlie Paul Andrus denied Plaintiff's claim in a written decision dated September 25, 2000. The ALJ determined that the Commissioner had demonstrated that a significant number of jobs existed in the regional and national economies for Plaintiff to perform, thus

1

rendering her ineligible for SSI benefits.

Plaintiff then filed suit in federal district court, arguing, among other things, that the Sixth Circuit's decision in *Howard v. Comm'r of Social Security*, 276 F.3d 235 (6th Cir. 2002), required a reversal because the ALJ's hypothetical questions to the vocational expert were incomplete for failure to list her medical diagnoses. On August 8, 2002, this Court denied Plaintiff's claim for benefits, and the Sixth Circuit affirmed.

While Plaintiff's first claim was pending before this Court, she filed a second application for SSI benefits, on October 13, 2000. Again, her application was denied initially and upon reconsideration. Plaintiff requested a hearing before an ALJ, which was held on April 18, 2002. ALJ Don Paris issued an unfavorable decision on July 28, 2002. The Appeals Council declined review by letter dated November 19, 2004. The instant suit - filed on December 13, 2004 - followed.

Plaintiff, who was 31 years old at the time of the second hearing, completed a seventh grade education and alleges an inability to work due to the following conditions: low and mid-back pain; neck pain and stiffness; pain in her shoulders and arms; swelling in her legs and feet; pain, swelling, and numbness in her hands and arms; lack of grip strength; arthritis; poor hearing; asthma; shortness of breath;[1] gastritis; nerves,[2] anxiety, and depression; difficulty being in crowds and dealing with the public; angers easily; memory problems; difficulty concentrating and learning new things; chronic pain and muscle spasms in her arms and legs; weight gain and bulimia; chronic fatigue and

---

[1] Plaintiff testified at the hearing that she smokes four (4) packs of cigarettes per day.

[2] Plaintiff claims that she shakes a lot when she gets nervous, even her head.

insomnia; chronic headaches; a rare blood disease; paranoia; and anxiety attacks. At the hearing before the ALJ, Plaintiff testified that she can walk 15 steps; stand for 3-5 minutes; sit for 10 minutes; and cannot bend, stoop, or squat.

This matter is presently before the Court upon cross motions for summary judgment, which are now ripe for adjudication.

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national

economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity at any relevant time. (Tr. 220). At Steps 2 and 3, ALJ Paris deferred to ALJ Andrus' prior findings, and concluded that Plaintiff's back pain, obesity, and depression constitute severe impairments, but that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 221-22). At Step 4, the ALJ found no significant improvement in Plaintiff's condition and adopted the prior RFC. (Tr. 224). Specifically, the ALJ found that Plaintiff can perform the physical exertional and non-exertional requirements of medium level work subject to the following limitations: she can only occasionally climb ladders, stoop, crouch, or crawl; and is limited to simple, routine work that does not involve significant public contact. (Tr. 225). Because Plaintiff has no past relevant work, the burden shifted to the Commissioner, at Step 5, to demonstrate that there are a significant number of other jobs available in the economy that Plaintiff can perform. (*Id.*). The Commissioner sustained that burden by eliciting testimony from a vocational expert ("VE"), in response to a hypothetical question assuming an individual of Plaintiff's age, education, past relevant work experience, and RFC. (Tr. 225-26).

**C.    Analysis**

In this appeal, Plaintiff's sole contention of error is that the ALJ should have recontacted Dr. Tausif Sayied to determine whether additional information was available prior to finding that her Type 2 diabetes was not a severe impairment. In support, Plaintiff relies on 20 C.F.R. § 416.912(e)(1), which states:

> We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. *We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.* We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

*Id*. (emphasis added). Alternatively, Plaintiff argues that, if the ALJ was not required to recontact Dr. Sayied, he nonetheless improperly "acted as his own medical expert" by relying on Dr. Sayied's records without soliciting or obtaining another medical opinion. On the latter point, the record reveals that Dr. Sayied's progress notes were submitted *after* the state agency medical reviewer completed his physical RFC assessment (i.e., the state agency reviewer did not have the benefit of Dr. Sayied's records in making his determination). In response, the Commissioner argues that: 1) recontact was not required, as Dr. Sayied's report was not only adequate, but free of conflict and/or ambiguity; and 2)

5

the regulations direct the ALJ to evaluate the medical evidence, resolve conflicts in the record, and determine a claimant's RFC.[3]  *See* 20 C.F.R. § 416.927.

Plaintiff contends that the ALJ was required to recontact Dr. Sayied because his notes reveal that the evening before her visit, "[Plaintiff] noticed that her blood sugar was 209," yet testing performed on January 18, 2002 yielded a fasting blood sugar level of 127. (Tr. 355).  Plaintiff apparently interprets this discrepancy - between her own results and those obtained by Dr. Sayied - as a conflict and/or ambiguity that the ALJ was required to resolve by recontacting Dr. Sayied.  The Court does not agree.  Even if it did, subsequent progress notes reveal that Dr. Sayied continued to monitor Plaintiff's blood sugar, and confirmed his prior findings by performing additional testing on June 10, 2002.[4]  Under these circumstances, the Court is not convinced that recontacting Dr. Sayied would have been helpful, much less that it was required.  Therefore, whether the results of Plaintiff's self-monitoring were accurate or merely an aberration, the Court concludes that the ALJ properly determined that Plaintiff's diabetes was adequately controlled with medication (specifically, Glucophage XR) and, absent any objective medical evidence (except a diagnosis) that her condition limited her ability to perform basic work activities, did not rise to the level of a severe impairment.  (Tr. 220).

---

[3] The Commissioner also argues that ALJ Paris also properly adopted ALJ Andrus' prior RFC, which he was required to do absent significant improvement in Plaintiff's condition. *Drummond v. Comm'r of Social Security*, 126 F.3d 837 (6th Cir. 1997).

[4] That test yielded a blood sugar level of 111.  (Tr. 364).  For the sake of completeness, the Court notes that, although Dr. Sayied's January 18 notes indicate that he would repeat another test during Plaintiff's next visit (which was on March 12), he did not perform that test until her June visit. (Tr. 355, 364).  In the Court's view, that fact is not dispositive.

Alternatively, Plaintiff alleges that the ALJ improperly "acted as his own medical expert" by failing to obtain an updated RFC assessment in light of Dr. Sayied's diagnosis of Type 2 diabetes. Factually, Plaintiff notes the state agency consultant, Dr. Calixto Hernandez, completed his physical RFC evaluation without the benefit of Dr. Sayied's records. Legally, Plaintiff relies on the Seventh Circuit's decision in *Green v. Apfel*, 204 F.3d 780 (7th Cir. 2000), which she correctly notes is persuasive authority and not binding on this Court. The Court concludes that this is not a situation where the ALJ "played doctor." *See Back v. Barnhart*, No. 02-3486, 63 Fed.Appx. 254, 259 (7th Cir. 2003) (unpublished opinion) (clarifying *Green* by stating, "[t]ypical cases of ALJs impermissibly 'playing doctor' are when they either reject a doctor's medical conclusion without other evidence ..., or when they draw medical conclusions themselves about a claimant without relying on medical evidence ...."). Instead, ALJ Paris properly evaluated the objective medical evidence and Plaintiff's subjective complaints of pain; and, in the absence of any significant change in her condition, ultimately adopted ALJ Andrus' prior RFC. Plaintiff's allegations of impropriety are, therefore, unfounded.

### III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #8) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #10 is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 7th day of December, 2005.



Signed By:
<u>David L. Bunning</u>
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-04-440-ThackerMOO.wpd